This matter is before the court on appeal from the Lucas County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket.
In 1991, appellant, John Kanavel, entered a guilty plea to one count of gross sexual imposition and one count of attempted rape. He was sentenced to two years in prison for the charge of gross sexual imposition and five to fifteen years in prison for attempted rape. On September 24, 1997, the warden of the Lima Correctional Institution informed the court through certified mail that the Department of Rehabilitation and Correction recommended that appellant be adjudicated a "sexual predator" pursuant to R.C. 2950.09(C) (1) and (2). On December 17, 1997, the court found appellant to be a sexual predator. Appellant now appeals setting forth the following assignments of error:
 "THE TRIAL COURT ERRED IN FINDING THAT OHIO'S SEXUAL PREDATOR LAW, AS SET FORTH IN OHIO HOUSE BILL 180 AND CODIFIED IN OHIO REVISED CODE CHAPTER 2950, DID NOT VIOLATE APPELLANT'S CONSTITUTIONAL RIGHTS."
Appellant initially contends that the application of R.C. 2950 to conduct before the enactment of the statute violates the Retroactivity Clause of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution. These arguments are found not well-taken under the authority ofState v. Cook (1998) 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Appellant next contends that the application of R.C. 2950.09
violates his right against double jeopardy and denies him his right to equal protection of the laws. These very arguments were addressed by this court in State v. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202. In accordance with our prior holding in Johnson, we conclude that appellant's double jeopardy and equal protection arguments are without merit.
Finally, appellant contends that R.C. 2950.09 is unconstitutionally vague. In examining the constitutionality of R.C. 2950.09, we start with the premise that all such laws are presumed to be constitutional. State v. Anderson (1991),57 Ohio St.3d 168, 171. Moreover, "the party alleging that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail." Id. In Anderson, at 171, the Supreme Court of Ohio discussed the void-for-vagueness doctrine as follows:
 "In order to prove such an assertion, the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * * 'Coates v. Cincinnati (1971), 402 U.S. 611, 614, 29 L.Ed.2d 214, 91 S.Ct. 1686. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law. Thus, to escape responsibility * * * [the challenger] must prove, beyond a reasonable doubt, that the statute was so unclear that-he could not reasonably understand that it prohibited the acts in which he engaged.".
The void-for-vagueness doctrine, however, does not require statutes to be drafted with scientific precision.57 Ohio St.3d at 174. In examining a statute for vagueness, we must measure it against three values identified by the United States Supreme Court. Papachristou v. City of Jacksonville (1972),405 U.S. 156, 31 L.Ed.2d 110, 92 S.Ct. 839. In State v. Tanner (1984),15 Ohio St.3d 1, 3, the Supreme Court of Ohio articulated those values as follows:
 "These values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language."
R.C. 2950.09(B)(2) sets forth factors for a trial judge to consider when deciding whether or not a particular defendant is a sexual predator. Appellant specifically contends that these factors are too vague. R.C. 2950.09(B)(2) states:
 "In making a determination under divisions (B) (1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
The First District Court of Appeals addressed this issue inState v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported. We concur with the reasoning of the First District on the issue of vagueness. That court stated:
 "We cannot hold that the factors set forth in ROC. 2950.02 are so imprecisely drafted as to provide no standard at all. Each case under R.C. 2950.09
is factually based, and the factors give the court the flexibility necessary to determine whether an offender is a sexual predator on a case-by-case basis. The factors may be weighed either in favor of or against the offender being classified as a sexual predator depending on the facts of the case. Nevertheless, the factors are specific enough when considered with the other provisions of R.C. Chapter 2950 to provide the court with minimal guidelines. They do not permit a "standard less sweep" that allows the court to pursue its own "personal predilections."
Accordingly, appellant's assignment of error is found not-well taken. On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Judge Lawrence Grey, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Peter M. Handwork, P.J. ------------------------- JUDGE
Melvin L. Resnick, J. ------------------------- JUDGE
Lawrence Grey, J. CONCUR. ------------------------- JUDGE